[Cite as *State v. Mills*, 2023-Ohio-639.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220439 |
| | | TRIAL NO.    B-2201811-B |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | : | |
| | : | |
| DESMOND MILLS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 3, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of Steve Adams* and *Alex Deardorff*, for Defendant-Appellant.

CROUSE, **Presiding Judge.**

{¶1}    Defendant-appellant Desmond Mills had been released pretrial on bond when, on the state's motion, the trial court revoked his bond and ordered him to be detained without bail. Mills argues on appeal that the trial court erred in granting the state's motion to detain him without bail because the state failed to meet its burden of proof.  For the following reasons, we affirm the judgment of the trial court.

## I. Procedural History

{¶2}    On July 20, 2022, Mills was indicted on three counts of aggravated robbery under R.C. 2911.01(A)(1) (first-degree felonies); two counts of kidnapping under R.C. 2905.01(A)(2) (first-degree felonies); two counts of felonious assault under R.C. 2903.11(A)(1) (second-degree felonies); two counts of felonious assault under R.C. 2903.11(A)(2) (second-degree felonies); two counts of abduction under R.C. 2905.02(A)(1) (third-degree felonies); one count of attempted aggravated burglary under R.C. 2923.02(A) and 2911.11 (second-degree felony); and one count of having weapons while under disability ("WUD") under R.C. 2923.13(A)(3) (third-degree felony). Each charge, other than the WUD charge, included firearm specifications.

{¶3}    After arraignment, Mills was released on a $100,000 bond with electronic monitoring. The state then filed motions to hold Mills and two of his codefendants without bond. After a hearing, the trial court granted the state's motion to revoke Mills's bond and hold him without bail, but denied the motions with regard to his codefendants.

{¶4}    Mills timely appealed. We have jurisdiction over this interlocutory appeal pursuant to R.C. 2937.222(D)(1). *State v. Sowders*, 1st Dist. Hamilton No. C-220114, 2022-Ohio-2401, ¶ 15.

## II. Factual History

{¶5}    Mills is one of five individuals alleged to have committed an armed robbery on April 20, 2020. A trio of friends, D.H., Y.W., and B.K., had just returned in their car to a rented house for a party when a group of armed assailants ordered the three victims out of the car. The robbers wore COVID-style face masks over the bottom portions of their faces. D.H. and Y.W. were robbed of their wallets, phones, and other contents of their pockets before being forced at gunpoint into the trunk of the car.

{¶6}    B.K. was taken to the rear of the house and ordered to unlock the door. When he could not, he was pistol-whipped, brought back to the car, and robbed of his belongings. When one of the robbers ordered B.K. to get into and start the car, B.K. ran away from the scene. One of the robbers, identified as Mills, shot at the fleeing B.K., but missed. Mills then fired shots into the trunk of the car where D.H. and Y.W. had been confined.

{¶7}    When responding police officers arrived on the scene, they found D.H. and Y.W. still in the trunk of the car, one having been shot in the chest and the other in the leg. They eventually found B.K. cowering behind a nearby house.

{¶8}    Approximately three weeks later, D.H. identified Mills, Zebulune Ruff, Naytoria Lane, and Gilbert Carter as the robbers after viewing a series of photo lineups. D.H. also identified a fifth individual, Calvin Taylor, that he suspected was "involved" in the robbery.

{¶9}    The following November, Ruff was arrested on unrelated charges. While being chased by police, Ruff discarded a firearm that was later matched to shell casings retrieved from the scene of the robbery. Upon questioning, Ruff claimed that Mills, his cousin, was the shooter during the robbery and that he was given the firearm by Mills

3

sometime between the robbery and his subsequent arrest. Ruff admitted to his participation in the robbery and identified Mills, Lane, Carter, and Taylor as his fellow robbers. Ruff said that the group had planned the robbery because they expected the victims to be at the rental house that day with marijuana and money. From the testimony at the no-bail hearing, it appears that Taylor was not among the robbers but had identified the location and identities of the victims of the robbery during a video call to plan the robbery.

{¶10} A Cincinnati Police Department ("CPD") detective retrieved surveillance video from the rental house and the house next door. From the video, the detective was able to confirm that Ruff and Lane were among the robbers because they were not wearing masks before the victims arrived. Ruff later identified Mills and Carter as the other masked robbers on the video.

{¶11} CPD subsequently obtained search warrants for the social-media accounts of the accused robbers. Lane's social-media account shows a search for the address of the rental house prior to the robbery, along with a screenshot of the house with a red circle around it.

{¶12} After the indictment in this case was handed down, unidentified individuals posted to Taylor's Facebook page that they would "go to war" over this. Additionally, the CPD detective testified that one of the victims had been warned by an unknown person that they should not pursue this in court. He also testified to being made aware by a girlfriend of one of the victims that the victim had been contacted by one of the accused robbers, although he did not specify which one.

### III. Analysis

{¶13} In his sole assignment of error, Mills claims that the trial court erred in

4

denying bail because the state did not prove the required elements of R.C. 2937.222(A) by clear and convincing evidence.

{¶14} Under R.C. 2937.222(A), the trial court may deny bail to a person charged with a felony of the first or second degree if, after a hearing, the state has established by clear and convincing evidence that: (1) the proof is evident or the presumption great that the accused committed the offense with which the accused is charged; (2) the accused poses a substantial risk of serious physical harm to any person or to the community; and (3) no release conditions will reasonably assure the safety of that person and the community. "Clear and convincing evidence is 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Sowders*, 1st Dist. Hamilton No. C-220114, 2022-Ohio-2401, at ¶ 13, quoting *In re K.H.*, 119 Ohio St.3d 538, 2008-Ohio-4825, 895 N.E.2d 809, ¶ 42, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶15} In evaluating the risk of harm and potential conditions for release to assure public safety under R.C. 2937.222(A), the trial court must consider:

(1) The nature and circumstances of the offense charged, including whether the offense is an offense of violence or involves alcohol or a drug of abuse;

(2) The weight of the evidence against the accused;

(3) The history and characteristics of the accused, including, but not limited to, both of the following:

5

(a) The character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, and criminal history of the accused;

(b) Whether, at the time of the current alleged offense or at the time of the arrest of the accused, the accused was on probation, parole, post-release control, or other release pending trial, sentencing, appeal, or completion of sentence for the commission of an offense under the laws of this state, another state, or the United States or under a municipal ordinance.

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

R.C. 2937.222(C); *Sowders* at ¶ 14.

{¶16}   The trial court found that there is clear and convincing evidence that the proof is evident or the presumption is great that Mills committed the charged offenses, that Mills poses a substantial risk of serious physical harm to any person or to the community, and that no release conditions will reasonably secure the safety of that person and the community.

{¶17}   On appeal of the trial court's decision to deny bail under R.C. 2937.222, we must "review the record to determine whether, in finding that the proof is evident or the presumption great that [the defendant] committed the charged offenses, that [the defendant] poses a substantial risk of serious physical harm to any person or to the community, and that no release conditions will reasonably assure the safety of that person and the community, the trial court had sufficient evidence before it to satisfy

the clear-and-convincing standard." *Sowders*, 1st Dist. Hamilton No. C-220114, 2022-Ohio-2401, at ¶ 28.

{¶18} Victim D.H. identified Mills in a photo lineup. Although Mills was wearing a COVID-style face mask on the bottom portion of his face during the robbery, Mills has a tattoo on his forehead that makes him more distinctive despite the mask. The CPD detective testified that all of the individuals shown to D.H. in the photo lineup had facial tattoos to ensure that the lineup was not unfairly prejudicial.

{¶19} Further, fellow-robber Ruff, Mills's cousin, identified Mills to police. Ruff admitted to his role in the robbery and identified Mills as one of the armed, masked robbers in the surveillance video.

{¶20} The trial court found that Mills posed a substantial risk of serious physical harm to any person or to the community because he was identified as the person who shot two of the victims and shot at the third victim.

{¶21} Further, despite defense counsel's argument that Mills had voluntarily surrendered in this case and made all court appearances, the court noted that Mills was on pretrial release in another matter before the same judge when this offense occurred, and he had three previous failures to appear in other cases. The court observed that Mills was on probation at the time of this offense. And the court stated that although Mills was prohibited from possessing a firearm due to a previous conviction, he acquired one anyway.

{¶22} Mills argues that it was inappropriate for the court to consider information from other cases that was not presented during the hearing. However, "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing," R.C. 2937.222(A), and

"[t]he judge, in determining whether the accused person described in division (A) of this section poses a substantial risk of serious physical harm to any person or to the community and whether there are conditions of release that will reasonably assure the safety of that person and the community, *shall consider all available information regarding all of the following*." (Emphasis added.) R.C. 2937.222(C). The defendant's criminal record and failure-to-appear history were "available information" that the trial court properly considered in reaching its decision to deny bail.

{¶23} The charged offenses are crimes of violence committed with a firearm. Mills was identified by one of the victims after he viewed a photo lineup, and he was also identified by his cousin/codefendant. The court heard evidence that Mills shot two people and shot at a third. The CPD detective testified that, after the indictment was handed down, the victims received threats not to testify in this matter, although the threats could not be tied specifically to Mills. Mills was on probation and also was out on pretrial release in another matter when this offense occurred.

{¶24} Given the record before us, we conclude that there was sufficient evidence to permit the trial court to conclude, by clear and convincing evidence, that the proof is evident or the presumption great that Mills committed the charged offenses, that Mills poses a substantial risk of serious physical harm to any person or to the community, and that no release conditions will reasonably assure the safety of that person and the community.

### IV. Conclusion

{¶25} For the foregoing reasons, we overrule Mills's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS** and **BERGERON, JJ.**, concur.

Please note:

    The court has recorded its entry on the date of the release of this opinion.

